FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARTHUR MORRIS MANNIE, JR.,

    Defendant - Appellant.

No. 24-6222
(D.C. No. 5:09-CR-00289-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Arthur Morris Mannie, Jr., proceeding pro se, appeals from the district court's

denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

In 2009, Mr. Mannie pleaded guilty to one count of possessing with intent to

distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  In

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2010, the district court sentenced him to 262 months' imprisonment—the bottom of the advisory Guidelines range for offense level 34 and criminal history category VI. Mr. Mannie has since filed several unsuccessful motions for relief from his conviction and sentence.

In 2019, he sought relief under the First Step Act of 2018. The district court found he was eligible for a sentence reduction, but it denied relief after evaluating the factors set forth in 18 U.S.C. § 3553(a). It stated:

> The defendant has had at least seven opportunities over a criminal career lasting at least 29 years to assure a sentencing judge that he no longer presented a threat to society. In evaluating the defendant's request for a new sentence substantially more lenient than the 262 months of incarceration originally imposed, the court readily acknowledges that the 262-month sentence was indeed a long sentence. That was intentional and was not merely the result of reflexively defaulting to a guideline sentence.
>
> . . .
>
> In defendant's long and violent criminal career, he has left a long line of victims in his wake. Notwithstanding defendant's age, and notwithstanding the defendant's notable educational accomplishments while incarcerated, the court is far from satisfied that the public interest would be served by shortening defendant's sentence. The defendant's long criminal career has included notable brutality, in addition to dope dealing. The fact that his battery victims were women – including one victim of aggravated battery – suggests the probability that the defendant has had no compunctions about behaving brutally toward virtually defenseless victims.
>
> Taking into account all of the § 3553 sentencing factors, the court concludes quite readily, that the interest of the public would be ill-served by according this defendant sentencing relief.

R. vol. 1 at 162-63. We affirmed. *See United States v. Mannie*, 971 F.3d 1145, 1150, 1158 (10th Cir. 2020).

2

In 2024, Mr. Mannie filed the motion for compassionate release underlying this appeal. In considering a motion for compassionate release, a three-step test requires a district court to:

> (1) find whether extraordinary and compelling reasons warrant a sentence reduction; (2) find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024) (footnote and internal quotation marks omitted). The district court need not address all three steps, however, if it determines one is not satisfied. *See id.* at 1218. Here, the district court proceeded directly to the third step. Adopting its factual findings from its denial of Mr. Mannie's First Step Act motion and adding a brief recitation of other evidence before it, the court concluded that a sentence reduction was not warranted in light of the § 3553(a) factors. It therefore denied Mr. Mannie's motion.

## DISCUSSION

We review the denial of a motion for compassionate release for abuse of discretion. *Bradley*, 97 F.4th at 1218. "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (internal quotation marks omitted). Because Mr. Mannie proceeds pro se, we construe his filings liberally, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Mr. Mannie asserts that the district court abused its discretion by denying his motion without addressing his post-sentencing conduct. Particularly, he points to his rehabilitation efforts and intervening changes in sentencing law that would affect his classification as a career offender.

To the extent Mr. Mannie's objection is that the district court decided to proceed directly to the third step of the § 3582(c)(1)(A)(i) inquiry, we see no error. *See Bradley*, 97 F.4th at 1218 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites is lacking and do not need to address the others." (ellipsis and internal quotation marks omitted)). And his assertion that the district court did not consider post-sentencing conduct at all is incorrect. In denying the compassionate-release motion, the district court adopted the findings it made in denying the 2019 First Step Act motion—in which the court specifically referred to post-sentencing circumstances, including Mr. Mannie's educational achievements. The district court further noted that, "[i]n addition, the court has considered defendant's current age—68 years old, his self-improvement efforts, his medical conditions, his current housing at FCI Talladega, the length of sentence [he] has served to date, and the intervening changes in sentencing law [he] cited." R. vol. 2 at 95 (footnotes omitted). These statements negate any inference that the district court failed to consider post-sentencing circumstances. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter.").

To the extent Mr. Mannie argues that the district court did not *adequately* discuss post-sentencing conduct, an abbreviated discussion does not establish an abuse of discretion. *See United States v. Hald*, 8 F.4th 932, 948 (10th Cir. 2021) (holding district court did not abuse its discretion by failing to discuss particular arguments in denying § 3582(c)(1) relief); *see also Bradley*, 97 F.4th at 1223 (holding that a district court need not individually address each argument). "[A]t bottom, the sentencing judge need only set forth enough to satisfy the appellate court that []he has considered the parties' arguments and has a reasoned basis for exercising [his] own legal decisionmaking authority. And that is certainly the case here." *Hald*, 8 F.4th at 948 (citation and internal quotation marks omitted).

Finally, to the extent Mr. Mannie argues that the district court should have concluded the circumstances justify compassionate release, mere disagreement with the district court's weighing of § 3553(a) factors does not establish an abuse of discretion. *Cf. Gall v. United States*, 552 U.S. 38, 59-60 (2007). "Because the weighing of the § 3553(a) factors is committed to the discretion of the district court, we cannot reverse unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Hald*, 8 F.4th at 949 (internal quotation marks omitted). We lack any such conviction in this case.

**CONCLUSION**

We grant Mr. Mannie's motion to proceed without prepayment of fees and costs, and we affirm the district court's judgment.

Entered for the Court


Allison H. Eid
Circuit Judge